**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 15-cv-00496-RM-KMT

**NANCI CHRISTEN-LOPER**, a Colorado Resident,

      Plaintiff

v.

**BRET'S ELECTRIC, LLC**, a Colorado Corporation,

      Defendant
_____

**STIPULATED PROTECTIVE ORDER**
_____

      Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

      1.    This Stipulated Protective Order shall apply to all "CONFIDENTIAL" documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure as defined below.

      2.    As used in this Stipulated Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

{00662468.1}

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy, proprietary business, commercial, and trade secret interests of the parties as determined in good faith by the attorneys representing the designating party. CONFIDENTIAL information shall not be disclosed or used for any purpose by a recipient except for the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed by a recipient, *except that* such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties and representatives of the corporate parties;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) deponents; and

(h)     other persons by written agreement of the parties.

5.      Prior to disclosing any CONFIDENTIAL information to any person listed in subparagraphs 4(g) or 4(h) above, counsel shall provide such person with a copy of this Stipulated Protective Order and obtain from such person either: (a) a written acknowledgment in the form attached hereto as Exhibit A stating that he or she has read this Stipulated Protective Order and agrees to be bound by its provisions, or (b) a statement of such on the record of a recorded proceeding (such as a deposition). All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after receipt of the transcript.

8.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall specifically identify the information to which the objection is

made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party opposing the information as CONFIDENTIAL to file an appropriate motion requesting the Court to determine whether the disputed information should be subject to the terms of this Stipulated Protective Order.  Such a motion must be filed within twenty (20) business days after the notice of dispute of the information at issue.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulated Protective Order until the Court rules on the motion.

9. CONFIDENTIAL documents, materials, and/or information which need to be filed with the Court shall be filed with an accompanying Motion to Restrict and such filing shall comply with D.C.COLO.LCivR 7.2.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall either: (1) be returned to the party that designated it CONFIDENTIAL, (2) the parties may elect to destroy CONFIDENTIAL documents, or (3) the parties may elect to retain copies of the CONFIDENTIAL documents but must maintain the confidential status of such documents until the documents are destroyed as part of each party's regular file retention and destruction process.

11. By agreeing to the entry of this Stipulated Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it or how such documents will be handled at trial.

12. This Stipulated Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 30th day of June, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

STIPULATED AND AGREED BY:

s/ Paul Maxon
Paul Maxon
THE LAW OFFICE OF PAUL MAXON, P.C.
4450 Arapahoe Avenue
Boulder, CO 80303
(303) 473-9999

*Attorney for Plaintiff*

s/ Lawrence D. Stone           6/27/15
Lawrence D. Stone
Christian D. Hammond
DUFFORD & BROWN, P.C.
1700 Broadway, Suite 2100
Denver, CO 80290
(303) 861-8013

*Attorneys for Defendant*

**Exhibit A**

## AFFIDAVIT

STATE OF COLORADO      )
                                            )  ss.
COUNTY OF_____  )

_____, swears or affirms and states under penalty of perjury:

1. I have read the Stipulated Protective Order in *Nanci Christen-Loper v. Bret's Electric, LLC*, Case No. 15cv00496-RM-KMT, a copy of which is attached to this Affidavit.

2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are CONFIDENTIAL information as defined in the Stipulated Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any CONFIDENTIAL information shown or told to me except as authorized in the Stipulated Protective Order. I will not use the CONFIDENTIAL information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Stipulated Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Stipulated Protective Order.

_____
(Signature)
_____
(Print or Type Name)
Address:
_____
_____
Telephone No.: (___)_____

SUBSCRIBED AND SWORN to before me this ____ day of _____, 2015, by _____.

WITNESS my hand and official seal.

_____
Notary Public
My Commission Expires:_____